UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AVERY T. RAY, <br><br> Plaintiff, <br><br> v. <br><br> MIAMI CORRECTIONAL FACILITY, et al., <br><br> Defendants. | CAUSE NO. 3:21-CV-459-RLM-MGG |

OPINION AND ORDER

Avery T. Ray, a prisoner without a lawyer, filed an amended complaint. ECF 4. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Ray alleges that between 11:15 a.m. and 12:30 p.m. on February 9, 2021, he had a seizure while he was in J Dorm. After coming out of the seizure and feeling confused, Correctional Officer Johnson escorted him handcuffed and shackled down the stairs to the medical unit for treatment. As they walked down the stairs, Mr. Ray asked Correctional Officer Johnson if they could slow down a bit because his left leg has

permanent damage, and he couldn't bend his leg all the way. *Id*. Correctional Officer Johnson told Mr. Ray to move faster and dragged him down the stairs to the medical unit..

Mr. Ray has sued Correctional Officer Johnson, Miami County, and Miami Correctional Facility for allegedly violating his Eighth Amendment rights. Under the Eighth Amendment, prisoners can't be subjected to cruel and unusual punishment. *See* Farmer v. Brennan, 511 U.S. 825, 833-834 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

With respect to Correctional Officer Johnson, it's unclear what exactly Mr. Ray says happened in this case. Mr. Ray hasn't alleged an injury that supports his allegation that Correctional Officer Johnson used excessive force when he dragged him down the stairs. In other words, Mr. Ray hasn't explained how he was injured and the extent of the injury. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the constitution. Graham v. Conner, 490 U.S. 386, 396 (1989), *quoting* Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973), *cert. denied* 414 U.S. 1033 (1973). Because Mr. Ray's allegations are unclear, he can't proceed on his claim against Correctional Officer Johnson.

Other than listing Miami County as a defendant in his amended complaint, Mr. Ray doesn't explain why he is suing Miami County. Therefore, he may not proceed against Miami County.

Mr. Ray can't proceed against the Miami Correctional Facility because it is a building and not a suable entity. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012).

While Mr. Ray's amended complaint doesn't state a claim upon which relief can be granted, the court will give him a chance to replead, if after reviewing this order, he believes he can state a claim. Luevano v. WalMart Stores, Inc., 722 F.3d 1014, 1022-1023, 1025 (7th Cir. 2013); Loubser v. Thacker, 440 F.3d 439, 443 (7th Cir. 2006). When Mr. Ray prepares his next amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Avery T. Ray;

(2) GRANTS Avery T. Ray until **November 22, 2021**, to file an amended complaint on that form; and

(3) CAUTIONS Avery T. Ray that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on October 27, 2021

                                                s/ Robert L. Miller, Jr.
                                                JUDGE
                                                UNITED STATES DISTRICT COURT